IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

MARK FOREST TEMPLETON,

        Petitioner,

v.

RICK COURSEY, et al.,

        Respondents.

Case No. 2:14-cv-01322-SI

OPINION AND ORDER

Mark Forest Templeton
7947738
Eastern Oregon Correctional Institution
2500 Westgate
Pendleton, OR 97801-9699

        Petitioner, *Pro Se*

Ellen F. Rosenblum, Attorney General
Samuel A. Kubernick, Assistant Attorney General
Department of Justice
1162 Court Street NE
Salem, Oregon 97310

        Attorneys for Respondents

1 - OPINION AND ORDER

SIMON, District Judge.

Petitioner brings this habeas corpus case pursuant to 28 U.S.C. § 2254 in which he appears to challenge the legality of a 2011 decision by the Oregon Board of Parole and Post-Prison Supervision ("Board") deferring his release. For the reasons that follow, the Petition for Writ of Habeas Corpus (#2) is denied.

## BACKGROUND

In 1991, petitioner pleaded no-contest to one count of Murder in Umatilla County, and guilty to one count of Conspiracy to Commit Murder. Respondent's Exhibit 103. As a result, the trial court sentenced him to life imprisonment with a 20-year minimum on the Murder conviction, and a consecutive 20-year prison term on the Conspiracy conviction. Respondent's Exhibit 101. Petitioner was not successful in his subsequent direct and post-conviction relief ("PCR") appeals.

In 2011, the Board determined that petitioner suffered from a present severe emotional disturbance so as to constitute a danger to the health or safety of the community. Respondent's Exhibit 136, pp. 6, 77. As a result, it deferred petitioner's projected release date approximately ten years. *Id.*

On August 26, 2011, petitioner filed a state habeas corpus action in Umatilla County wherein he challenged the Board's decision. *Id* at 1-3. The State asked the court to deny the petition as "meritless because it failed to allege sufficient facts to state a claim for habeas corpus relief." Respondent's Exhibit 138, p. 1. Specifically, the State argued that because

ORS 144.335 entitled petitioner to direct judicial review of the Board's order, he was not eligible to seek state habeas corpus relief. *Id* at 2. The state habeas court granted the motion, finding habeas corpus unavailable under state law where petitioner had other avenues by which to challenge the Board's action. Respondent's Exhibits 140-41.

Petitioner appealed the state habeas court's dismissal with the assistance of appointed counsel, but counsel could not find any non-frivolous issues for appeal and submitted a *Balfour* brief on petitioner's behalf.[1] The Oregon Court of Appeals affirmed the state habeas court's decision without opinion, and the Oregon Supreme Court denied review. *Templeton v. Coursey*, 260 Or. App. 782, 325 P.3d 69, *rev. denied*, 355 Or. 381, 328 P.3d 697 (2014).

Petitioner filed this 28 U.S.C. § 2254 habeas corpus case on August 18, 2014. In his Petition, he raises claims pertaining to both the Board's 2011 deferral of his release to parole as well as his underlying criminal convictions. Respondent asks the court to deny relief on the Petition because: (1) any claims pertaining to petitioner's 1991 convictions are untimely and procedurally defaulted; and (2) petitioner failed to fairly present any claims pertaining to the Board's 2011 deferral of his release to parole to Oregon's state courts, leaving those claims procedurally defaulted.

---

[1] Oregon's *Balfour* procedure provides that counsel need not ethically withdraw when faced with only frivolous issues. Rather, the attorney may file Section A of an appellant's brief containing a statement of the case sufficient to "apprise the appellate court of the jurisdictional basis for the appeal." *State v. Balfour*, 311 Or. 434, 451, 814 P.2d 1069 (1991). The defendant may then file the Section B segment of the brief containing any assignments of error he wishes. *Id* at 452.

3 - OPINION AND ORDER

## DISCUSSION

### I. Claims Arising from Petitioner's Convictions

The cover page of the Petition for Writ of Habeas Corpus purports to challenge petitioner's 1991 convictions. Petition (#2), p. 1. Indeed, the majority of the claims in his Petition attack those convictions. Specifically, petitioner alleges that: (1) his direct appellate counsel altered his criminal judgment (Ground Two); (2) the prosecution refused to provide him with any discovery until four years after he entered his pleas (Ground Three); (3) his criminal trial judge did not take a proper oath of office (Ground Four); (4) his indictments were unlawful (Ground Five); (5) law enforcement personnel tampered with evidence and witnesses (Ground Six); and (6) his trial attorney improperly allowed him to enter into plea bargains despite his innocence (Ground Seven).

In his supporting memoranda, however, petitioner advises the court that he does not seek to challenge his convictions or sentence. Memo in Support (#43), p. 2; Memo in Support (#44), p. 2. Instead, he asserts that he wishes to challenge "the multiple court ordered plea agreement contract violations." *Id.* Because the Petition appears to place the legality of petitioner's convictions at issue, the court first addresses the claims related to those convictions.

Petitioner entered his pleas in 1991, and his convictions became final shortly thereafter when he voluntarily dismissed his direct appeal in 1992. Respondent's Exhibits 111-12. Petitions which challenge convictions that became final before Anti-

4 - OPINION AND ORDER

terrorism and Effective Death Penalty Act's effective date of April 24, 1996 are timely only if filed before April 24, 1997. *Ford v. Hubbard*, 305 F.3d 875, 882 (9th Cir. 2002). Where petitioner did not file this federal habeas challenge until August 2014, there is no dispute that it falls outside of the AEDPA's one-year statute of limitations. Instead, petitioner argues that the one-year statute of limitations contained within the AEDPA is unlawful because it amounts to an absence of judicial oversight, and because the AEDPA's application to him amounts to an *ex post facto* violation where his conviction clearly predates the statute. AEDPA's one-year statute of limitations is lawful, *Ferguson v. Palmateer*, 321 F.3d 820, 823 (2003), and it is proper to apply the AEDPA to his case because he filed his Petition after the statute's effective date. See *Woodford v. Garceau*, 538 U.S. 202, 207 (2003). Petitioner's grounds for relief pertaining to his convictions and sentence are therefore dismissed as untimely.[2]

## II. Challenge to Parole Deferral

In his remaining ground for relief (Ground One), petitioner alleges that the Board improperly deferred his release to parole in 2011 when it violated his rights to due process and to be free from *ex post facto* punishment. A habeas petitioner must exhaust his claims by fairly presenting them to the state's highest court, either through a direct appeal or collateral proceedings,

---

[2] Although not the basis of the dismissal of these claims, the court also notes that petitioner is prohibited from challenging multiple state court judgments in the same Petition. Rule 2(e) of the Rules Governing Section 2254 Cases.

5 - OPINION AND ORDER

before a federal court will consider the merits of those claims. *Rose v. Lundy*, 455 U.S. 509, 519 (1982). "As a general rule, a petitioner satisfies the exhaustion requirement by fairly presenting the federal claim to the appropriate state courts . . . in the manner required by the state courts, thereby 'affording the state courts a meaningful opportunity to consider allegations of legal error.'" *Casey v. Moore,* 386 F.3d 896, 915-916 (9th Cir. 2004) (quoting *Vasquez v. Hillery*, 474 U.S. 254, 257, (1986)). A federal court is precluded from reviewing the merits of a claim if the state court denial was based upon the application of a state law that is independent of the federal question and adequate to support the judgment. *Coleman v. Thompson*, 501 U.S. 722, 729-32 (1991); *Vansickel v. White*, 166 F.3d 953, 957 (9th Cir.), *cert. denied*, 528 U.S. 965 (1999).

A petitioner is deemed to have "procedurally defaulted" his claim if he failed to comply with a state procedural rule, or failed to raise the claim at the state level at all. *Edwards v. Carpenter*, 529 U.S. 446, 451 (2000); *Coleman*, 501 U.S. at 750. If a petitioner has procedurally defaulted a claim in state court, a federal court will not review the claim unless the petitioner shows "cause and prejudice" for the failure to present the constitutional issue to the state court, or makes a colorable showing of actual innocence. *Gray v. Netherland*, 518 U.S. 152, 162 (1996); *Sawyer v. Whitley*, 505 U.S. 333, 337 (1992); *Murray v. Carrier*, 477 U.S. 478, 485 (1986).

As discussed above, petitioner challenged the Board's 2011 deferral of his parole in a state habeas corpus action. However,

ORS 144.335 provided that his judicial remedy was a direct appeal of the adverse parole decision to the Oregon Court of Appeals. Given that he had such a judicial remedy, ORS 34.330 forbade him from filing for habeas corpus relief. Consequently, the Umatilla County Circuit Court dismissed the state habeas action pursuant to statutory rules that were independent of the federal question and adequate to support the judgment of dismissal.

The state habeas court issued its judgment on a standard form and, in so doing, checked the boxes indicating that the case presented federal and state constitutional issues and that "[a]ll questions were presented and decided." It does not appear from the record that the state habeas court actually considered the merits of petitioner's claims,[3] and instead decided the case solely on procedural grounds. Respondent's Exhibits 140-41. However, even assuming the state habeas court reached an alternative holding on the merits of petitioner's claims, "a state court need not fear reaching the merits of a federal claim in an *alternative* holding. By its very definition, the adequate and independent state ground doctrine requires the federal court to honor a state holding that is a sufficient basis for the state court's judgment, even when the state court also relies on federal law." *Harris v. Reed*, 489 U.S. 255, 264 n.10 (1989) (emphasis in original).

Because petitioner may no longer pursue his due process and ex post facto claims in Oregon's state courts, they are

---

[3] This is especially true where the State did not file any briefing on the merits of petitioner's claims, and asked the Judge to dismiss the case solely for procedural reasons. Respondent's Exhibit 138.

7 - OPINION AND ORDER

procedurally defaulted. See ORS 138.071 (requiring that direct appeals be filed within 30 days). Petitioner has not demonstrated cause and prejudice or made a colorable showing of actual innocence so as to excuse his default. Accordingly, relief on the Petition is denied.

## CONCLUSION

For the reasons identified above, the Petition for Writ of Habeas Corpus (#2) is denied. The court declines to issue a Certificate of Appealability on the basis that petitioner has not made a substantial showing of the denial of a constitutional right pursuant to 28 U.S.C. § 2253(c)(2).

IT IS SO ORDERED.

DATED this 14th day of February, 2017.

_____
Michael H. Simon
United States District Judge

8 – OPINION AND ORDER